UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 14-CIV-62416-BLOOM/Valle

MICHAEL SHAVER,

    Plaintiff,
v.

MSC CROCIERE, S.A.,
BEATS AT SEA, LLC, and
CLOUD 9 ADVENTURES, L.L.C.,

    Defendants.
_____/

**PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S
MOTION TO COMPEL BETTER RESPONSES TO PLAINTIFF'S
INITIAL DISCOVERY FROM DEFENDANT, MSC CROCIERE, S.A.**

The Plaintiff, MICHAEL SHAVER, by and through undersigned counsel and pursuant to Federal Rules of Civil Procedure, this Court's Local Rules and Magistrate Judge Alicia O. Valle's discovery procedures [D.E. 25, pp. 3-4], hereby files his reply in support of his Motion to Compel Defendant, MSC CROCIERE, S.A. ("MSC"), to provide better responses to Plaintiff's initial discovery [D.E. 34] and, in furtherance thereof, states as follows:

**Introduction**

The Plaintiff moves to compel the photographs, incident report and witness statements concerning the subject incident. [D.E. 25]. MSC claims these documents are protected under the work product doctrine and the attorney-client privilege. [D.E. 42].

It is well settled that the party claiming a privilege has the burden of proving its applicability and all of its essential elements. *See, e.g., Bridgewater v. Carnival Corp.*, 286 F.R.D. 636, 638-39 (S.D. Fla. 2011) (collecting cases). In *Bridgewater*, this Court discussed that burden

and held that the "party claiming the privilege must provide the court with **underlying facts** demonstrating the existence of the privilege, which may be accomplished by affidavit." *Id.* (citation omitted) (emphasis added). Even the affidavit, however, must be "**precise** to bring the document within the rule"; otherwise, "the Court has no basis on which to weigh the applicability of the claim of privilege. **An improperly asserted claim of privilege is *no claim of privilege at all*.**" *Id.* This Court went on to state as follows:

> "Th[e] burden is not, of course, discharged by mere conclusory or *ipse dixit* assertions, for any such rule would foreclose meaningful inquiry into the existence of the relationship, and any spurious claims could never be exposed.".... "[S]ubmitting a batch of documents to the Court in camera [does not] provide an adequate or suitable substitute because the Court is often without information of what the document concerns or how it came into being or other relevant information which would enable it to determine whether the documents are privileged." *Id.*
>
> This burden, to sustain a claim of privilege, is **heavy** because privileges are "not lightly created nor expansively construed, for they are in derogation of the search for the truth." *United States v. Nixon*, 418 U.S. 683, 710, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974).... They must be **strictly construed** and accepted "only to the very limited extent that permitting a refusal to testify or excluding relevant evidence has a public good transcending the normally predominant principle of utilizing all rational means for ascertaining truth." *Trammel v. United States*, 445 U.S. 40, 50, 100 S.Ct. 906, 63 L.Ed.2d 186 (1980) (quoting *Elkins v. United States*, 364 U.S. 206, 234, 80 S.Ct. 1437, 4 L.Ed.2d 1669 (1960)).

*Bridgewater*, 286 F.R.D. at 639 (emphasis added).

Herein, although MSC submits an affidavit in an attempt to support its claimed privilege [D.E. 42-1], the affidavit falls short, relying solely on conclusory assertions which this Court deems insufficient.

## Work-Product Doctrine

In its response, MSC agrees with the Plaintiff that the determinative factor as to whether or not a document is protected under the work product doctrine is whether "the ***primary motivating purpose*** behind the creation of the document" was to aid in future litigation. *See*

- 3 -

*United States v. Davis*, 636 F.2d 1028, 1040 (5th Cir. 1981) (emphasis added) [D.E. 42, pp. 2-3]. Yet in its response and affidavit, Defendant states that "MSC has an **established policy** to investigate claims of passenger injuries". [D.E. 42, p. 3; 42-1, ¶3] (emphasis added). Based on this policy, it is evident that MSC conducts an investigation and gathers facts and evidence for *all claims of passenger injuries* without considering the facts or the possibility that the passenger may later file a lawsuit. In short, if the passenger has an incident that requires more than first aid, MSC *automatically* conducts an investigation – that is not sufficient to be considered work product.

In this case, the incident report was prepared and the photographs were taken ***on the same day of the Plaintiff's incident – on January 9, 2014***[1] by a crewmember Safety Officer (as opposed to an investigator or attorney). Although MSC would like to paint with broad strokes in applying the work product doctrine to everyone and everything, that application does not take into account that the *only* police force aboard the vessel are the security officers, whose *job* it is to complete incident reports and gather statements when an incident occurs.

Further, MSC's affidavit addresses only the possibility of litigation, but as this Court stated in *Bridgewater*, "[i]t defies logic and common sense" to think that MSC did not have a strong business interest—apart from the possibility of a future lawsuit—in assuring the safety of its vessel and its passengers. *Bridgewater*, 286 F.R.D. at 641.

Under similar facts, this Court has repeatedly held that a cruise line's routine investigation and the reports rendered therefrom are not sufficient to invoke the work product protection just because they may be used to defend a lawsuit. *See Jones v. Carnival*, Case No. 04-20407-CIV-

---

[1] Although MSC's Privilege Log lists January 9, *2015* as the date of preparation, counsel for MSC informed the undersigned that it is a typo which should read January 9, *2014* (i.e., the date of the Plaintiff's incident). [D.E. 34-2]

JORDAN (S.D. Fla. 2004); *Giroux v. Carnival Corp.*, No. 05-CIV-22818 (S.D. Fla. 2005); *see also Boney v. Carnival*, No. 08-22299 (S.D. Fla. 2009) [D.E. 34-3].

Accordingly, this Honorable Court should find that the work product doctrine does not apply to the incident report or photographs contained therein and compel MSC to produce such documents.

## Attorney-Client Privilege

MSC's second argument is that the incident report is protected under the attorney-client privilege. The incident report was prepared by a crewmember Safety Officer. This Safety Officer did not communicate with legal counsel to complete the report, but rather, he communicated with the Plaintiff and/or witnesses to the incident to complete the report. Further, as stated above, this information is gathered, not at the direction of counsel, but as a routine investigation following *any* passenger incident. Moreover, "**the protection of the [attorney-client] privilege extends only to communications and *not to facts*.**" *Upjohn Co. v. United States*, 449 U.S. 383, 394 (1981) (emphasis added). Therefore, the incident report and the photographs contained should not be considered communications between defense counsel and MSC in furtherance of counsel.

Accordingly, Plaintiff respectfully requests this Honorable Court enter an order compelling MSC to provide better responses to Plaintiff's Initial Request for Production consistent with his Motion to Compel. [D.E. 34]. Alternatively, the Plaintiff respectfully requests that this Honorable Court conduct an *in camera* inspection to determine whether the records at issue in fact contain information that is protected under the work-product doctrine or attorney-client privilege.

                                             Respectfully submitted,

                                             LIPCON, MARGULIES,
                                             ALSINA & WINKLEMAN, P.A.
                                             *Attorneys for Plaintiff*
                                             One Biscayne Tower, Suite 1776

- 5 -

                                2 S. Biscayne Boulevard
                                Miami, Florida 33131
                                Telephone: (305) 373-3016
                                Facsimile: (305) 373-6204

By: */s/ Jacqueline Garcell*
        **JASON R. MARGULIES**
        Florida Bar No. 57916
        **JACQUELINE GARCELL**
        Florida Bar No. 104358

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 15, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

By: */s/ Jacqueline Garcell*
        **JACQUELINE GARCELL**
        Florida Bar No. 104358

- 6 -

**SERVICE LIST**
*Shaver v. MSC Crociere, S.A., et al.*
Case No. 14-CIV-62416-Bloom/Valle

**Jeffrey B. Maltzman, Esq.**
jeffreym@maltzmanpartners.com
**Steve Holman, Esq.**
steveh@maltzmanpartners.com
**Rafaela P. Castells, Esq.**
rafaelac@maltzmanpartners.com
Maltzman & Partners, P.A.
55 Miracle Mile, Suite 320
Coral Gables, FL 33134
Telephone: (305) 779-5665
Facsimile: (305) 779-5664
*Attorneys for Defendant, MSC CROCIERE, S.A.*

**Andrew B. Peretz, Esq.**
aperetz@comcast.net
**Jacob M. Resnick, Esq.**
Law Offices of Andrew B. Peretz, P.A.
Wells Fargo Tower
One East Broward Boulevard, Suite 700
Fort Lauderdale, FL 33301
Telephone: (954) 558-8829
*Attorneys for Defendants, Beats at Sea, LLC and Cloud 9 Adventures, LLC*

**Jennifer Brooks**
jbrooks@hamiltonmillerlaw.com
**Kelly Charles-Collins**
kcharlescollins@hamiltonmillerlaw.com
HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue
Suite 1200
Miami, Florida 33131-2332
Telephone: (305) 379-3686
Facsimile: (305) 379-3690
*Attorneys for Defendants, Beats at Sea, LLC and Cloud 9 Adventures, LLC*